IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>vs.<br><br>MARCUS GERALD FAST HORSE,<br><br>Defendant. | Cause No. CR-11-41-GF-BMM-RKS<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKED DEFENDANTS SUPERVISED RELEASE** |

## I. Synopsis

Mr. Fast Horse was accused of violating his conditions of supervised release by committing a tribal offense, failing to notify his probation officer of contact with law enforcement, and consuming alcohol. He admitted to the violations. Mr. Fast Horse's supervised release should be revoked. He should be sentenced to 18 months imprisonment. Supervised release is ineffective in this case and should be discontinued.

## II. Status

Mr. Fast Horse plead guilty in 2011 to Burglary and Conspiracy to Commit

Burglary. Doc. 26. He was sentenced to 24 months incarceration, to be followed by three years on supervised release. Doc. 34. His term of supervised release began on February 15, 2013. Doc. 36. Mr. Fast Horse's supervised release was revoked in June 2013 because he violated the conditions. He was ordered into custody for nine months, with 27 months supervised release to follow. Doc. 44. Mr. Fast Horse began his current period of supervised release on January 13, 2014. Doc. 48. On February 10, the United State Probation Officer filed a "Report on Offender Under Supervision," alleging Mr. Fast Horse had violated his supervised release conditions by consuming marijuana, alcohol, and unauthorized prescription drugs. Doc. 47. Mr. Fast Horse's probation officer did not recommend revocation of supervised release at that time, and the court imposed no sanction.

**Petition**

The United States Probation Office filed a petition on February 20, 2014, asking the court to revoke Mr. Fast Horse's supervised release. Doc. 48. The petition accused Mr. Fast Horse of violating three conditions of his supervised release. It alleged he violated the Preamble to Standard Conditions by committing a local (tribal) offense on or around February 8, 2014. According to the petition, Mr. Fast Horse was convicted of Simple Assault, in violation of the Fort Peck Tribal Code, for an offense that occurred that day. The petition alleged Mr. Fast

Horse violated Standard Condition 11 by failing to inform his probation officer within 72 hours that he had been questioned and cited by law enforcement officers with relation to the assault charge. The petition alleged that Mr. Fast Horse violated Special Condition 3 of his supervised release by consuming alcohol on or about February 8, 2014. According to the petition, Mr. Fast Horse's blood alcohol content measured .235 when he was arrested on the assault charge.

Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Fast Horse's arrest. Doc. 49.

**Initial appearance**

Mr. Fast Horse was arrested on March 3, 2014. Doc. 51. He made an initial appearance before the undersigned on March 4, 2014, in Great Falls, Montana. Mr. Fast Horse was accompanied at the initial appearance by Federal Defender Evangelo Arvanetes, who was appointed to represent Mr. Fast Horse. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Fast Horse said he had read the petition and understood the allegations. Mr. Weldon warned that Mr. Fast Horse could be incarcerated for up to 24 months on each of two underlying convictions if his supervised release is revoked, and that the custodial periods could run consecutively for a total of up to 48 months in prison. The undersigned explained Mr. Fast Horse's rights, including the right to a

3

revocation hearing.

Mr. Arvanetes said he and Mr. Fast Horse were prepared to proceed with the revocation hearing before the undersigned. Mr. Fast Horse and Mr. Weldon both consented to the jurisdiction of a magistrate judge. The hearing commenced.

**Revocation hearing**

Mr. Fast Horse appeared at the revocation hearing with Mr. Arvanetes. Mr. Weldon appeared for the United States.

Mr. Fast Horse admitted violating his conditions of supervised release, as alleged in the petition. The undersigned found the admissions sufficient to establish violations, and believes the violations warrant revocation of Mr. Fast Horse's supervised release.

The undersigned calculated that Mr. Fast Horse's violations are Grade C, his criminal history category is I, and his underlying offenses are a Class D felony (Count 1) and a Class C felony (Count 2). He could be incarcerated for up to 24 months for each underlying offense, for a total of 48 months potential incarceration. Mr. Fast Horse could be ordered to remain on supervised release for up to 27 months after his release from custody, less whatever time he spends in custody. The United States Sentencing Guidelines call for thee to nine months in custody. U.S. Guideline Manual, Ch. 7. Mr. Weldon and Mr. Arvanetes agreed

4

with those calculations.

Mr. Arvanetes requested a custodial sentence at or slightly above the guideline range, but no additional supervised release. Mr. Arvanetes acknowledged Mr. Fast Horse's previous revocation and recent warning for alleged non-compliance, and recognized that a significant custodial term is likely. Mr. Arvenates explained that Mr. Fast Horse hopes to avoid further supervised release. Mr. Fast Horse has not been able to comply with the conditions, but hopes to construct a more productive future by moving somewhere with more job opportunities and fewer negative influences than his current home, Mr. Arvanetes said.

Mr. Fast Horse addressed the court. He said that he has many acquaintances in his community on the Fort Peck Indian Reservation. Some of them are friends, with whom he is tempted to consume alcohol or engage in other prohibited conduct. Others are adversaries, with whom confrontations arise. Mr. Fast Horse said he hopes to relocate to distance himself from both influences.

### III. Analysis

Mr. Fast Horse's supervised release should be revoked. He deliberately violated several conditions despite a previous revocation and a warning for alleged non-compliance during his current period of supervised release.

5

Mr. Fast Horse should be incarcerated for 18 months. That period constitutes consecutive sanctions at the top of the guideline range for each underlying offense. The relatively long period of incarceration is appropriate under the circumstances. Mr. Fast Horse has a history of non-compliance. He has previously had supervised release revoked, but commenced violating the conditions almost immediately after beginning his current release period. The violations here were substantial; one involved drinking a large amount of alcohol, and another consisted of violent criminal behavior. Mr. Fast Horse's wanton violations flouted the court's orders and endangered the community.

No additional supervised release should be imposed. Mr. Fast Horse's unwillingness to comply with the conditions make supervision ineffective. Continued supervision would be a poor investment of resources and unlikely to protect the community.

## IV. Conclusion

Mr. Fast Horse was advised that the above sentence would be recommended to Judge Morris. He was reminded of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Fast Horse's objection, if it is filed within the alloted time, before making a final determination on whether to revoke Mr. Fast

Horse's supervised release and what, if any, sanction to impose.

The Court makes the following **FINDINGS:**

1. Mr. Fast Horse violated the Preamble to Special Conditions of his supervised release by committing the tribal offense of Simple Assault on or about February 8, 2014.

2. Mr. Fast Horse violated Standard Condition 11 of his supervised release by failing to notify his probation officer within 72 hours that he was arrested on or about February 8, 2014.

3. Mr. Fast Horse violated Special Condition 3 of his supervised release by consuming alcohol on or about February 8, 2014.

4. Supervised release is unproductive in Mr. Fast Horse's case and unlikely to benefit either Mr. Fast Horse or the community.

The Court makes the following **RECOMMENDATION:**

1. The District Court should enter the attached Judgment, revoking Mr. Fast Horse's supervised release and committing Mr. Fast Horse to the custody of the United States Bureau of Prisons for 18 months.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to

which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 5th day of March, 2014.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge